UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HAZEL P. MCLEOD and LARRY MCLEOD, <br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Defendant. | § § § § § § § § § § § § § <br><br> No. SA-06-CA-0017- RF |

## ORDER DENYING DEFENDANT'S EXPEDITED MOTION TO COMPEL PHYSICAL AND MENTAL EVALUATION OF PLAINTIFF HAZEL MCLEOD

BEFORE THE COURT are Defendant's Expedited Motion to Compel Physical and Mental Examination of Plaintiff Hazel McLeod (Docket No. 58), filed October 22, 2008; Plaintiff's Response (Docket No. 60), filed November 3, 2008; and Defendant's Advisory to the Court (Docket No. 64), filed November 14, 2008. The parties appeared before the Court for a hearing on November 7, 2008. After careful consideration of the facts of the case, the briefing, evidence, and applicable law, the Court is of the opinion that Defendant's Motion to Compel (Docket No. 58) should be DENIED.

### I. Physical Examination

In this medical malpractice case, Plaintiff Hazel McLeod alleges she suffered

permanent nerve damage as a result of the negligence of an Air Force physician during a surgical breast biopsy in January 2003. Defendant requests that Mrs. McLeod be ordered to submit to several physical examinations by Defendant's retained experts. Rule 35 provides that a court may order that a party submit to a physical or mental examination, but only if (1) the party's mental or physical condition is in controversy; and (2) the moving party shows "good cause" for the examination. FED. R. CIV. P. 35(a).

Since Plaintiff's alleged injury in January 2003, Mrs. McLeod has been evaluated, examined, and tested by many health care providers in various specialities, all employed by Defendant. The Court finds that Defendant and its employees have had ample opportunity to evaluate and test Mrs. McLeod over the almost six-year period following the alleged injury, and Defendant continues to have access to the significant quantity of related medical records documenting that treatment. Therefore, Defendant has failed to show that "good cause" exists for the proposed examinations as required by Fed. R. Civ. P. 35.

## II. Mental Examination

Defendant also requests that Hazel McLeod be ordered to submit to a mental examination by their retained psychiatrist. However, nothing in the pleadings of either party alleges or even suggests that Mrs. McLeod's mental condition is "in controversy" as required by Fed. R. Civ. P. 35. Plaintiff's complaint only alleges that Mrs. McLeod has suffered from mental anguish as a result of her injuries. There are no allegations by either party that Mrs.

McLeod suffers from any sort of mental defect or illness. Therefore, the Court finds that Defendant has not met its burden of showing that Mrs. McLeod's mental condition is in controversy so as to justify a mental evaluation.

Accordingly, it is ORDERED that Defendant's Expedited Motion to Compel Physical and Mental Examination of Plaintiff Hazel McLeod (Docket No. 58) should be DENIED.

Signed this 19th day of November, 2008.

                                                         ROYAL FURGESON
                                                         UNITED STATES DISTRICT JUDGE