IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HAZEL P. MCLEOD AND | § | |
| LARRY MCLEOD | § | |
|    Plaintiffs | § | |
| | § | |
| | § | |
| VS. | § | CIVIL NO. SA-06-CA-0017-RF |
| | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
|    Defendant | § | |

**PLAINTIFFS' FIRST AMENDED PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

In compliance with Local Rule CV-16(e), Plaintiffs HAZEL P. MCLEOD and LARRY

MCLEOD file their First Amended Proposed Findings of Fact and Conclusions of Law.

The above-styled cause was tried before the Court on September 14-15, 2009, September

21-22, 2009, and November 10, 2009. The parties appeared personally and through their

representatives and attorneys of record. The Court has considered the evidence submitted, made

determinations as to relevance and materiality, assessed the credibility of the witnesses, and

ascertained for its purposes the probative significance of the testimony and exhibits presented.

Upon consideration of the above, the Court finds the following facts to have been proved by a

preponderance of the evidence, and in applying the applicable law to such factual findings,

makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1.       This is a health care negligence case brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*.  The court has jurisdiction over the action pursuant to 28 U.S.C. §1346(b).  Venue is proper pursuant to 28 U.S.C. §1402(b).

2.       The Department of the Air Force received a Standard Form 95 constituting the administrative claims of Plaintiffs.

3.       The United States denied Plaintiffs' administrative claims on July 6, 2005.

4.       On January 6, 2006, Plaintiffs filed their Original Complaint in the United States District Court for the Western District of Texas, San Antonio Division.

5.       Plaintiffs have complied with all jurisdictional and procedural prerequisites for the filing of this suit.

6.       Plaintiffs have timely and properly presented their claims under the Federal Tort Claims Act with the appropriate federal agency.

7.       This case arises out of the events surrounding the treatment of Hazel McLeod at Wilford Hall Medical Center ("WHMC"), San Antonio, Texas, beginning on January 6, 2003 and thereafter.  Specifically, Plaintiffs claim that the medical care furnished by the United States Air Force (through its agents and employees at WHMC) to Hazel McLeod on January 6, 2003 and thereafter, was negligent and that such negligence was the proximate cause of all damages claimed.

8.       The United States denies that its agents and employees were negligent and/or that any acts or omissions by its agents or employees was a proximate cause of the damages claimed.

9.      Pursuant to 28 U.S.C. §2679, the remedy against the United States under the Federal Tort Claims Act is exclusive with regard to claims based upon torts of federal agents and employees acting within the course and scope of their agency or employment.

10.     Plaintiffs have properly invoked the litigation provision of the Federal Tort Claims Act by bringing this action against the United States, specifically naming it as a defendant.  The Department of the Air Force is an agency of the United States of America.

11.     This court has subject matter jurisdiction of this case.

12.     The United States of America, through its agency, the Department of the Air Force, at all times material hereto, owned, operated, and controlled WHMC.

13.     Plaintiffs Hazel McLeod and Larry McLeod are husband and wife.

14.     On January 17, 2003, Hazel McLeod underwent a surgical breast biopsy at WHMC on her right breast. The primary surgeon for the January 17, 2003 surgery was Dr. James Connaughton (a surgery resident), supervised by Dr. Broadus Atkins (a staff surgeon). Dr. Connaughton and Dr. Atkins were agents of the United States acting within the course and scope of their agency.

15.     Hazel McLeod was not aware that WHMC was a teaching hospital, and she was not informed that the surgery would be performed by a surgery resident.  She would not have consented to having a resident perform the surgery.  Thus, there was no informed consent for Dr. Connaughton to perform the surgical biopsy.

16.     Dr. Atkins' standard of care and the standard of care generally at WHMC was to advise patients if a surgery resident was going to participate in a surgical procedure.  This standard of care applied to Hazel McLeod's surgical biopsy.

3

17.    Given the nature of the required disclosure, i.e. that a surgical resident would perform the surgery, the absence of this disclosure on the Texas Medical Disclosure Panel List B did not absolve Defendant of the duty to so inform Hazel McLeod.  Also, Plaintiffs rebutted the presumption of sufficient disclosure set forth in TEX. CIV. PRAC. & REM. CODE §74.106(a)(i). The rebuttal evidence consists of the testimony of Dr. Bruck and Dr. Atkins concerning the standard of care requiring disclosure, the testimony of Hazel McLeod that no disclosure was made, and the testimony of Dr. Bruck that the non-disclosure was negligence.

18.    In violation of the standard of care required of surgeons performing breast biopsy surgery, the incision for the biopsy was placed far away from the nodule to be removed, instead of directly over it.  This necessitated excessive dissection, removal of tissue, cauterization, and pressure from prolonged retraction.

19.    As a direct result of the surgery, Hazel McLeod suffered unnecessary nerve, tissue and muscle injuries.  These injuries have caused her to experience pain and numbness and resulting impairment.  She has experienced such pain, numbness, and impairment continuously since the day after the surgery.

20.    Hazel McLeod reported her pain and numbness to Dr. Atkins during a follow-up visit on January 27, 2003.  Dr. Atkins provided no explanation for the pain and provided no treatment for her at that time.  After numerous efforts to obtain an earlier appointment, Hazel McLeod saw Dr. Atkins again on April 10, 2003 (a standby appointment) and again described her pain to him.  Dr. Atkins discounted any relationship between the surgery and her pain, despite the fact that the pain began immediately after the surgery.  Although he referred her to Occupational Therapy, he ordered no diagnostic studies or testing.

21.    Since that date, Hazel McLeod has been seen and treated by numerous Air Force health care providers, including therapists, neurologists, orthopedic specialists, and pain management specialists.

22.    As a direct result of her surgery and her nerve, tissue and muscle injuries, Hazel McLeod suffers from Complex Regional Pain Syndrome ("CRPS") with secondary adhesive capsulitis of the right shoulder.  Hazel McLeod's treating physicians at WHMC and Defendant's medical experts Dr. Harold Urschel and Dr. William Gillanders all agree that Hazel McLeod suffers from CRPS.  Only Defendant's expert Dr. Charles Crane questions this diagnosis.  The Court finds Dr. Crane's testimony to be not credible.

23.    As Defendant's medical experts recognize, CRPS is a major medical illness, deserving of prompt and appropriate diagnosis and treatment.  Such treatment can prevent the progression of the illness.

24.    Hazel McLeod is totally and permanently disabled as a result of her nerve, tissue and muscle injuries and resulting CRPS with secondary adhesive capsulitis of the right shoulder.  Three Air Force physicians, in two different medical specialties, have expressly found her to be totally and permanently disabled as a result of her CRPS:  Dr. Horatio Aldredge (Neurology), Dr. Thomas Edell (Pain Medicine) and Dr. Matthew Wicklund (Neurology).

25.    The United States, acting through its agents or employees, was negligent in connection with the treatment of Hazel McLeod.  The negligence was as follows:

(a)    Defendant failed to inform Hazel McLeod that the surgical biopsy would be performed by a resident, and thus failed to obtain her informed consent for the biopsy;

(b)    Dr. Broadus Atkins failed to properly supervise the resident, Dr. James Connaughton, during the surgical biopsy;

(c)    Dr. James Connaughton and/or Dr. Broadus Atkins failed to comply with the required standard of care in performing Hazel McLeod's surgical biopsy.  By

5

initiating the incision far away from the nodule to be removed, excessive dissection, removal of tissue, cauterization, and pressure from prolonged retraction resulted. This caused unnecessary injuries to Hazel McLeod's tissue, muscles and nerves, including the brachial plexus complex;

(d)    Dr. Broadus Atkins and/or Dr. James Connaughton failed to comply with the required standard of care, and the standard of practice at WHMC, which required that a detailed comprehensive and dictated operative report be prepared for Hazel McLeod's surgery; and

(e)    Defendant, acting through the health care providers at WHMC, failed to timely recognize, diagnose and treat Hazel McLeod's injuries.

23.    Such negligence was a proximate cause of Hazel McLeod's injuries and resulting damages.

24.    The Court finds that the life care plan of Dr. Alex Willingham fairly and reasonably projects future medical, therapy, and related health care needs for Hazel McLeod. The Court finds that the life care plans prepared by Defendant's experts Kathleen Kuntz, R.N., and Dr. Charles Crane are inadequate and considerably underestimate the extent of Hazel McLeod's injuries and the future treatment reasonably needed for such injuries.

25.    The Court finds that the calculations of Plaintiffs' expert Thomas Mayor, Ph.D., provide fair and reasonable calculations of the present value of Hazel McLeod's future loss of earning capacity and future medical, therapy and related expenses. The Court specifically finds that the discount rate used by Dr. Mayor is fair and reasonable and complies with the *Culver* criteria. Conversely, the Court finds that the discount rate used by Defendant's expert Stan Smith, Ph.D., does not comply with *Culver*. Dr. Smith's discount rate unreasonably overestimates the rate of return that Plaintiffs could reasonably expect, thus resulting in too severely discounting the future damages. The Court finds that Dr. Smith is a biased witness who changes his discount rate depending on whether he is testifying for a plaintiff or a defendant.

6

26. The following sums, if paid now in cash, would fairly and reasonably compensate Hazel McLeod for her damages:

  a. Past physical pain:  $_____

  b. Future physical pain:  $_____

  c. Past mental anguish:  $_____

  d. Future mental anguish:  $_____

  e. Past physical impairment:  $_____

  f. Future physical impairment:  $_____

  g. Past lost earnings:  $_____

  h. Future loss of earning capacity:  $_____

  i. Future medical expenses:  $_____

27. The following sums, if paid now in cash, would fairly and reasonably compensate Larry McLeod for his damages:

  a. Past loss of consortium:  $_____

  b. Future loss of consortium:  $_____

### CONCLUSIONS OF LAW

28. This Court has jurisdiction of the parties and subject matter in this cause to hear and determine liability and damage issues concerning the damages proximately caused by the medical care provided to Hazel McLeod at WHMC pursuant to 28 U.S.C. §§1346(b), 2401 and 2671, *et seq*.

29. Hazel McLeod's injuries and the resulting damages were proximately caused by the negligent acts or omissions of agents or employees of the United States Air Force, while acting within the course and scope of their agency and employment with the United States Air

7

Force, an agency of the United States government, as such terms and phrases are defined and understood under Title 28 U.S.C. §§1346(b), 2401 and 2671, *et seq*. These negligent acts or omissions are such that the United States, if a private person, would be liable to Plaintiffs in accordance with the negligence and tort law of the State of Texas, the substantive law applicable to this case.

30.     Defendant United States of America is legally liable for Hazel McLeod's injuries and the resulting damages sustained by Plaintiffs by reason of the negligent medical care provided by the Air Force at WHMC.

31.     28 U.S.C. §2678 limits Plaintiffs' attorneys' fees to 25% of the judgment.

## **ORDER OF JUDGMENT**

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant United States of America is liable to Plaintiffs and shall pay the following amounts:

(1)     Hazel McLeod shall recover the total amount of

$_____.

(2)     Larry McLeod shall recover the total amount of

$_____.

IT IS FURTHER ORDERED that post-judgment interest shall accrue and be payable on all of the above amounts at the maximum rate allowable by federal law.

IT IS FURTHER ORDERED that the Court approves attorneys' fees payable by Plaintiffs to Whitehurst, Harkness, Brees, Cheng & Imhoff, P.C., in the amount of 25% of the total judgment, including interest.

IT IS FURTHER ORDERED that all findings of fact that are more appropriately considered conclusions of law are to be so deemed. Any conclusion of law more appropriately considered a finding of fact shall be so deemed.

IT IS FURTHER ORDERED that Plaintiffs shall recover their taxable court costs from Defendant.

SIGNED AND ENTERED this _____ day of _____, 2009.


_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

WHITEHURST, HARKNESS,
BREES, CHENG & IMHOFF, P.C.
5113 Southwest Parkway, Suite 150
Austin, Texas 78735
512/476-4346
512/476-4400 (Fax)

By:    _____

WILLIAM O. WHITEHURST
State Bar No. 00000061
EUGENE W. BREES
State Bar No. 02947500
MICHELLE M. CHENG
State Bar No. 00796345
SYLVIA H. IMHOFF
State Bar No. 10388745

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the foregoing instrument was served on the 20th day of November, 2009, via ECF notification to counsel of record as set out below:

James F. Gilligan
Assistant United States Attorney
United States Department of Justice
Western District of Texas
601 NW Loop 410, Ste. 600
San Antonio, TX 78216-5597
jim.gilligan@usdoj.gov
210-384-7300
210-384-7312 Fax

By:    _____

WILLIAM O. WHITEHURST
State Bar No. 00000061

10