UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HAZEL P. MCLEOD and LARRY MCLEOD, | § § | |
| Plaintiffs, | § § | No. SA-06-CA-17-RF |
| v. | § § § | |
| UNITED STATES OF AMERICA, Defendant. | § § § | |

**BILL OF COSTS ORDER**

On February 23, 2010, the Court entered a Final Judgment in the above captioned matter in the amount of $1,272,903. The Final Judgment also ordered Defendant to pay Plaintiffs' taxable court costs. On April 6, 2010, Plaintiffs filed their Bill of Costs (Docket No. 157). On June 4, 2010, Defendant filed its Objections to the Bill of Costs (Docket No. 159) and its Notice of Appeal of the Court's Order Following Bench Trial, Judgement and Order Denying Motion to Amend Judgment entered April 8, 2010 (Docket No. 160). On October 15, 2010, Defendant dismissed its appeal pending at the Fifth Circuit. On November 10, 2010, Plaintiffs filed their Response to Defendant's Objections to the Plaintiffs' Bill of Costs (Docket No. 172). Having considered the Plaintiffs' Bill of Costs, Defendant's Objections, and Plaintiff's Response to Defendant's Objections, the Court GRANTS IN PART AND DENIES IN PART Defendant's Objections and Defendant is ORDERED to pay the taxable court costs detailed below.

## DISCUSSION

### A. Fees of the Clerk

Plaintiffs originally requested $294.38 in fees of the Clerk. However, in their Response to Defendant's Objections they waived the $20.88 PACER filing fees from November 25, 2009 that was objected to by Defendant. *See* Docket No. 172 at 2. Defendant also objected to the $14.00 and $9.50 United States District Court ("USDC") copy fees. In their Response to Defendant's Objections, Plaintiffs explained that these copies were necessary because they were of pleadings filed prior to counsel taking over the case and for a certified copy of the final judgment that had to be sent to the Judgment Fund Branch to begin the meter for post-judgment interest pursuant to 31 U.S.C. § 1304(b) and 28 U.S.C. § 1961. It is the Court's opinion that Plaintiff has sufficiently explained the necessity of these copies. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991) (explaining that copies of documents "necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity"). Accordingly, the Court ORDERS that the following are taxable costs of fees of the Clerk:

| <u>Date</u> | <u>Payee</u> | <u>Amount</u> |
|---|---|---|
| 1/6/06 | USDC—Filing Fees | $250.00 |
| 3/4/08 | USDC—copies of pleadings | $14.00 |
| 3/2/10 | USDC—copy of judgment | $9.50 |
| | **SUBTOTAL:** | **$273.50** |

**B.     Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case.**

Plaintiffs initially requested a total of $4,707.72 in fees for printed or electronically recorded transcripts. However, Defendant made several objections to these fees and Plaintiffs waived $238.75 in initially requested fees in their Response to Defendant's Objections.[1] *See* Docket No. 172 at 3. Defendant also objected to Plaintiffs' request for $978.75[2] for the June 3, 2008 fee paid to Caseworks for a video transcript of Broadus Atkins' deposition. The Court is of the opinion that Plaintiffs have failed to explain why it was necessary to have both a video transcript and a deposition transcript of Broadus Atkins' deposition. Accordingly, Defendant's objection to this cost is GRANTED.

The Court also GRANTS Defendant's objection to Plaintiffs' cost request of $291.00 for a fee paid to Chris Poage, U.S. Court Reporter on July 1, 2009 for an expedited hearing transcript. Plaintiffs have failed to explain why it was necessary to pay for an expedited copy of the transcript in July 2009 when the hearing was held November 2008. Plaintiffs have not provided the Court with the information necessary to determine what portion of the charge was for the transcript and what portion was for the expedited service. Therefore, as with the video transcript, Plaintiffs failed to meet their burden to show the necessity of these copies. *See Fogleman*, 920 F.2d at 286 (holding that to recover expedited delivery costs a prevailing

---

[1] The fee entries with a * symbol were reduced because of Plaintiffs' waiver in their Response to Defendant's Objection. *See* Docket No. 172.

[2] The originally claimed amount for the video transcript of Broadus Atkins was $1,014.75, but Plaintiffs' waived $36.00 of this cost that was attributed to shipping and handling. *See* Docket No. 172 at 3.

party must show either prior court approval or necessity). Accordingly, the Court ORDERS that the following are taxable costs of fees for printed or electronically recorded transcripts:

| Date | Payee | Amount |
|---|---|---|
| 4/25/08 | Federal Court Reporters of San Antonio—video of depositions of Hazel McLeod and Larry McLeod | $165.00* |
| 5/19/08 | Federal Court Reporters of San Antonio—deposition transcripts of Hazel McLeod | $564.80 |
| 5/19/08 | Federal Court Reporters of San Antonio—deposition transcripts of Larry McLeod | $93.30 |
| 6/23/08 | Caseworks—Deposition transcript of Broadus Atkins | $1,379.30* |
| 2/17/09 | Free State Reporting—Deposition transcript of Harold Bruck | $750.00* |
| 2/19/09 | Federal Court Reporters of San Antonio— deposition transcript of Alex Willingham, MD | $246.82 |
| | **SUBTOTAL:** | **$3,199.22** |

### C.  Fees for Witnesses

The parties did not dispute any of the fees for witnesses and the Court finds no reason why they should not all be paid in full. Accordingly, the Court ORDERS that the following are taxable costs of fees for witnesses:

| Date | Payee | Amount |
|---|---|---|
| 9/15/09 | Dr. Thomas Mayor<br>    1 Day Fee ($40.00)<br>    Travel Expenses (from Houston to San Antonio) ($278.00) | $318.00 |
| 9/15/09 | Dr. Harold Bruck<br>    1 Day Fee ($40.00)<br>    Travel expenses (airfare) ($1339.20)<br>    Travel expense (change fee) ($75.00)<br>    Hotel ($117.00)<br>    Meals ($54.00) | $1,625.20 |

9/15/09    Dr. Alex Willingham                                              $40.00
           1 Day Fee ($40.00)

**SUBTOTAL: $1,983.20**

**D.    Fees for Exemplification and the Costs of Making Copies of Any Material Where the Copies Are Necessarily Obtained for Use in the Case**

Plaintiff initially requested $6,718.57 in fees for exemplification and the costs of making copies of materials. However, Defendant objected to many of these costs. Plaintiffs defended most of their costs as necessary, but did agree to waive $56.55 of the initially requested fees for the cost of making copies.[3] *See* Docket No. 172 at 4.

Defendant's main objection is to Plaintiffs' monthly copying fees. Copies of documents "necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286. Although a prevailing party need not identify every photocopy made for use in the course of legal proceedings, it must show that the reproduction costs necessarily result from the litigation. *Id.* Copies obtained simply for the convenience of counsel are not "necessarily obtained for use in the case." *Id.* "Costs of reproducing relevant documents and exhibits for use in the case" are recoverable, but not "multiple copies of documents" or attorney correspondence. *Id.*; *Interstate Contracting Corp. v. City of Dallas*, 2002 WL 236676, at *5 (N.D. Tex. Jan.31, 2002) (Boyle, Mag. J.).

---

[3] The fee entries with a * symbol were reduced because of Plaintiffs' waiver in their Response to Defendant's Objection. *See* Docket No. 172. The fee entry with two ** symbols was reduced because the Court GRANTED Defendants' objection to paying federal express delivery charge. The Court notes that Plaintiff waived the same charge in the December 19, 2008 Federal Court Reporters of San Antonio—Medical Records—Dr. Ramon Reyes entry. *See Id.*

Here, Plaintiffs have simply provided a list of the number of copies per month and the total monthly copy charges. The list does not elaborate as to what the copies were of, if there were any duplicates, or how the copies were necessary for use in this case. In their Response to Defendant's Objections, Plaintiffs claim that the monthly copies were necessarily obtained for use in the case. They claim that copies were made of Plaintiffs' "voluminous medical records and other voluminous documents for use as exhibits at trial; to provide Defendant and the Court with copies of various documents; and to provide experts (who lived in other cities or states) with copies of necessary (also voluminous) document for their review." Docket No. 172 at 4. However, the Court finds that this general description of what the copies were of and how they were used is insufficient to meet the burden of showing why the copies were necessary, and that they were not duplicative or simply for the convenience of counsel. *Fogleman*, 920 F.2d at 285-86. Accordingly, the Court GRANTS Defendants' objections to the monthly copy charges and ORDERS that the following are taxable costs of fees for exemplification and the costs of making copies of materials:

| Date | Payee | Amount |
|---|---|---|
| 4/1/08 | Tinsman & Sciano—Hazel McLeod Social Security Records | $46.80* |
| 4/1/08 | Texas Star Document Services— Photocopy Records | $199.42* |
| 5/19/08 | MedFoto of Austin—copies of Hazel McLeod's x-rays | $470.89 |
| 7/31/08 | Legal Partners—Hazel McLeod Social Security Records | $142.55 |
| 11/6/08 | MedFoto of Austin—copies of Hazel McLeod's x-rays | $470.89 |
| 12/19/08 | Legal Partners—Hazel McLeod Social Security Records | $357.20 |
| 12/19/08 | Federal Court Reporters of San Antonio— Medical Records—Dr. Metersky | $69.50 |

| | | |
|---|---|---|
| 12/19/08 | Federal Court Reporters of San Antonio— Medical Records— Dr. Reyes | $85.00 |
| 1/12/09 | Texas Star Document Services— Photocopy Records | $67.07* |
| 1/20/09 | Texas Star Document Services— Photocopy Records | $87.95* |
| 1/22/09 | Federal Court Reporters of San Antonio— Allstate Records | $241.00** |
| 2/16/09 | Texas Department of Public Safety— Accident Report | $6.00 |
| 9/10/09 | The Exhibit Company—Trial Exhibits | $220.00 |
| | **SUBTOTAL:** | **$2,464.27** |

## CONCLUSION

Accordingly, the total taxation of costs is **$7,920.19**. It is ORDERED that this Bill of Costs is taxed in favor of the Plaintiffs in the total amount of $7,920.19.

Signed this 6th day of January, 2011.

_Royal Furgeson_
Royal Furgeson
Senior United States District Judge